**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BARBARA BURGETT,

Plaintiff-Appellant,

v.

UTAH VALLEY VETERINARY
HOSPITAL; DR. CARL PEW;
DR. KIM HAZEN; DR. JERALD
BALL,

Defendants-Appellees.

No. 03-4155
(D.C. No. 2:01-CV-156-DAK)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **EBEL** , **ANDERSON** , and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Barbara Burgett, proceeding pro se, appeals the district court's dismissal of her Title VII sexual-harassment action against Utah Valley Veterinary Hospital (UVVH) and individual veterinarians. The district court ruled that UVVH was not an employer covered by Title VII because it did not have fifteen or more employees in each of twenty calendar weeks during the relevant period, as required by 42 U.S.C. § 2000e(b). *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (discussing § 2000e(b)). After allowing Ms. Burgett two opportunities to provide sufficient admissible evidence on this issue, the court determined that, based on the record before it, UVVH's employee numbers fell short of the requisite total, whether or not unpaid student workers were counted as employees. Therefore, the court dismissed Ms. Burgett's Title VII claims and declined to exercise jurisdiction over her state law claims.

On appeal, Ms. Burgett contends that: (1) the district court conducted an erroneous analysis of the evidence she submitted and (2) the district court should have ruled that, as a matter of law, the unpaid student workers were employees of UVVH. Ms. Burgett's issues concern "subject matter jurisdiction [that] is dependent upon the same statute which provides the substantive claim," thus the jurisdictional claim and the merits of the case are "intertwined." *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 978 (10th Cir. 2002) (quotation omitted) (concerning a claim under the Americans with Disabilities Act,

-2-

42 U.S.C. §§ 12111-17).  "When, as here, both parties submit evidence beyond the pleadings, the motion is properly characterized as one for summary judgment."  *Id.*  We review the district court's order "  *de novo* , taking the facts and the reasonable inferences to be drawn from them in the light most favorable to the nonmoving party."  *Id.* at 979.

Having reviewed the briefs, the record, and the applicable law, we determine that Ms. Burgett has not provided evidence demonstrating that UVVH had the minimum number of either paid or unpaid workers to qualify as a Title VII employer.  Like the district court, we conclude that this failure of proof makes it unnecessary for us to determine the legal status of the unpaid workers under Title VII.  We therefore AFFIRM the district court's dismissal for substantially the same reasons stated by the district court in its orders of January 27, 2003, and May 28, 2003.

Entered for the Court

David M. Ebel
Circuit Judge